# CASES

## ARGUED AND DETERMINED

IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

### JANUARY TERM, 1865, AT JEFFERSON CITY.

———

THE STATE OF MISSOURI, Respondent, *v.* J. M. JARRETT, Appellant.

*Evidence.*—The jury are to decide upon the effect of testimony in proving the issues.

### *Appeal from Greene Circuit Court.*

*T. A. Sherwood,* for appellant.

The State in this instance did not make out even a *prima facie* case ; and had she done so, it would have been wholly insufficient. The establishment of inferences, however strong, or probabilities however great, will not warrant a conviction. The "doctrine of chance" does not apply here. (Ogletin v. The State, 28 Ala. 693 ; 3 Greenl. Ev. § 29 ; Amer. Lead. Cases, 659 ; Lawson v. Morrison, 7 Ala. 69.)

BATES, Judge, delivered the opinion of the court.

The defendant was indicted for selling liquor with [without] a license. At the trial a witness testified that he, with two others, went on the suggestion of one of their number

to the storehouse of Jarrett, and called for some whiskey; that Jarrett set them out a bottle of some kind of intoxicating liquor on a barrel; that they all drank (less than a quart) and the witness then went out; that he saw no money paid for the liquor, nor was there anything said about any money being paid for said liquor. The court refused the following declaration of law, which was asked by the defendant:

" The statement by a witness, that he with two others went to the business house of a merchant, and one of their number called for whiskey, and some liquid in a bottle was set out to them by the proprietor of the house, of which they drank, is no evidence whatever that any whiskey was sold or unlawfully sold to the persons so drinking."

The defendant having been found guilty, judgment was given against him, and he appealed to this court, and assigns for error the refusal of the Circuit Court to give the declaration of law above quoted.

The court did not err in refusing to give the declaration asked. The statements of the witness were evidence tending to establish a sale of whiskey. Whether they were sufficient to amount to proof we do not determine.

Judgment affirmed. Judge Bay concurs; Judge Dryden dissents.