THE BOARD OF COMMISSIONERS OF EXCISE OF THE CITY OF AUBURN, RESPONDENT, *v.* GURDEN F. MERCHANT, APPELLANT.

*Evidence — when the drinking of liquor in a store raises a presumption that it was sold, to be drunk there.*

Upon the trial of an action to recover penalties for violations of the excise law the court charged, "that upon proof being made of the fact that liquor was seen to be drunk on the premises, that is *prima facie* evidence that it was sold with intent that it was to be drank on the premises."

*Held,* no error.

APPEAL from a judgment, entered upon a verdict in favor of the plaintiff rendered at the Cayuga Circuit for $1,000 damages, and from an order denying a motion for a new trial made upon the minutes of the court before which the trial was had.

The action was brought to recover penalties for alleged violations of the excise laws.

In the course of his charge the judge said : " The law provides in such case as this that upon proof being made of the fact that liquor was seen to be drunk on the premises, that is *prima facie* evidence that it was sold with intent that it was to be drank on the premises." To this portion of the charge the defendant's counsel excepted.

*J. D. Teller*, for the appellant.

*F. D. Wright*, for the respondent.

BARKER, J.:

All the questions presented, save one, were considered in the case of the same plaintiff against Burtis, just decided.

It appeared that the defendant kept a saloon in the city of Auburn. The court charged the jury that the calling for liquor and drinking the same on the premises was *prima facie* evidence of a sale, and the defendant excepted.

It has been held that where a person enters a tavern or saloon and calls for whisky or any other beverage, and it is set out to him by the proprietor, and he drinks it, nothing more being said, the law implies a sale. It was so held in *The State* v. *Jarrett* (35 Mo., 357), and in this court in the unreported case of *Stark* v. *Lansing*, decided in March, 1884.

The judgment should be affirmed, with costs.

SMITH, P. J., BRADLEY and HAIGHT, JJ., concurred.

Judgment and order affirmed.